**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TRACEY I. CRIDER, | * |
| Plaintiff, | * Civil Action No. _____ |
| v. | * [Removed from the Circuit Court for Montgomery County, Maryland |
| CONTINENTAL FINANCE COMPANY, LLC, ET AL., | * Case No. C-15-CV-23-000545] |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendants Continental Finance Company, LLC ("Continental") and Continental Purchasing, LLC (collectively, "Defendants"), by undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, and the provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, and with the consent of Defendant CKS Prime Investments, LLC ("CKS"), hereby file this Notice of Removal from the Circuit Court for Montgomery County, Maryland, Case No. C-15-CV-23-000545, to the United States District Court for the District of Maryland, Southern Division.  In support of this Notice of Removal, Defendants state as follows:

**I.      Background**

1.      On or about February 16, 2023, Named Plaintiff Tracy I. Crider ("Crider" or "Named Plaintiff"), individually and on behalf of other persons similarly situated, by her attorneys Gordon, Wolf, & Carney CHTD., filed a Complaint against Defendants in the Circuit Court for Montgomery County, Maryland, *Crider vs. Continental Finance Company, LLC* Case No. C-15-CV-23-000545 (the "State Court Action").

2.      The events alleged in the Complaint are based on allegations of illegally providing loans without a license as required under Maryland and Missouri law.  *See generally* Compl. Named Plaintiff alleges three causes of action: Count I – Violation of the Missouri Credit Service Organizations Law ("MCSOL"); Count II – Declaratory Relief under Md. Cts. & Jud. Pro. § 3-406 under the Maryland Declaratory Judgment Act to obtain relief from uncertainty and insecurity with respect to the right "under the consumer protections embodied in Maryland law"; and Count III - Violations of Maryland's Consumer Loan Law ("MCLL"), Com. Law §12-302.

3.      Defendants were served with the Complaint on February 27, 2023.

4.      In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by Defendants are attached as **Exhibit A**.

## II.      Removal Procedures

5.      28 U.S.C. § 1441(a) provides, in pertinent part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

6.      Venue is appropriate in this Court, and Defendants seek to remove this case to the United States District Court for the District of Maryland, Southern Division, pursuant to 28 U.S.C. § 1441(a).  The Circuit Court for Montgomery County, Maryland is located within this District, and cases arising in the Circuit Court for Montgomery County, Maryland are properly assigned to the Southern Division of this Court.  *See* 28 U.S.C. § 100(1).

7.      Written notice of the filing of this Notice of Removal will be served upon counsel for Named Plaintiff, Benjamin H. Carney and Richard S. Gordon.

2

8.      In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal (without exhibits) is being filed contemporaneously with the Clerk of the Circuit Court for Montgomery County, Maryland, and served upon all parties and/or counsel of record.  *See* Notice of Filing of Removal, attached as **Exhibit B**.

9.      This Notice of Removal is timely filed within thirty (30) days of service upon Defendants pursuant to 28 U.S.C. 1446(b).  Defendants were served with the Complaint and the corresponding Summons on February 27, 2023.  Therefore, the thirty-day period for Defendants ends on March 29, 2023.

10.     In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service and personal jurisdiction, and the right to raise all defenses, exceptions, rights, and motions.  No statement herein or omission shall be deemed to constitute an admission by Defendants of any of the allegations set forth in the Complaint or damages sought therein.

### III.     Removal Is Proper Under Diversity Jurisdiction, 28 U.S.C. § 1332.

11.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because (1) there is complete diversity of all properly joined parties; (2) the amount in controversy for the Complaint exceeds $75,000.00; and (3) Defendants are not citizens of Maryland for purposes of diversity jurisdiction.

### A.      Complete Diversity Exists Between All Parties.

12.     With regard to the citizenship of the parties, Named Plaintiff admits that she is a citizen of the State of Maryland. Compl. ¶ 12.  Therefore, Named Plaintiff is a citizen of the State of Maryland for diversity jurisdiction purposes.

13.     Continental is a limited liability company organized and existing under the laws of the State of Delaware.  Declaration of Continental Finance Company, LLC, attached hereto as

**Exhibit C** at ¶ 3.  A limited liability company is deemed a citizen of the states where each of its members is a citizen.  *See e.g., Branhaven, LLC v. BeefTek, Inc.*, 965 F. Supp. 2d 650, 661 (D. Md. 2013).  Continental's members are UIV, LLC, Stephen McSorley, William Knotts, Daniel David, and Mark Salamone.  Stephen McSorley is domiciled in Pennsylvania.  *Id.*  William Knotts is domiciled in Delaware.  *Id.*  Daniel David is domiciled in Delaware.  *Id.*  Mark Salamone is domiciled in New York.  *Id.*  UIV, LLC is a limited liability company organized and existing under the laws of the State of Delaware.  *Id.* at ¶ 4.  UIV, LLC's members are Tamer El-Rayess and Lamiaa Elfar.  *Id.*  Tamer El-Rayess is domiciled in New York.  *Id.*  Lamiaa Elfar is domiciled in Virginia.  *Id.*

14.     Accordingly, Continental is a citizen of the states of Pennsylvania, Delaware, New York, and Virginia for the purposes of diversity jurisdiction.

15.     Continental Purchasing, LLC is a limited liability company organized and existing under the laws of the State of Delaware.  *Id.* at ¶ 6.  The sole member of Continental Purchasing is Continental, which, as set forth above, is a citizen of the states of Pennsylvania, Delaware, New York, and Virginia.  *Id.*  Accordingly, Continental Purchasing, LLC is a citizen of the states of Pennsylvania, Delaware, New York, and Virginia for the purposes of diversity jurisdiction.

16.     CKS Prime Investments, LLC is a limited liability company organized and existing under the laws of the State of Delaware.  Compl. ¶ 14.  The sole member of CKS Prime Investments, LLC is Velocity Portfolio Group, Inc., which is incorporated in Delaware and has its principal place of business in New Jersey.  Accordingly, CKS Prime Investments, LLC is a citizen of the states of Delaware and New Jersey for the purposes of diversity jurisdiction.  28 U.S.C. § 1332(c).

17.     The undersigned has contacted counsel for CKS Prime Investments, LLC and confirmed that it specifically consents to this removal.  *See* Consent to Removal, attached hereto as **Exhibit D**.

18.     In sum, complete diversity of citizenship exists between Named Plaintiff and all Defendants.

**B.     Named Plaintiff's Complaint Meets The $75,000 Amount-In-Controversy Threshold.**

19.     Named Plaintiff's Complaint meets the $75,000.00 amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a) because Named Plaintiff's claims exceed the minimal threshold.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005) (holding that a class action can be removed based on diversity jurisdiction when the amount in controversy for *at least one named plaintiff* exceeds $75,000.00, exclusive of interest and costs).

20.     Named Plaintiff demands payment of a judgment for an amount likely to exceed $75,000. Therefore, Named Plaintiff meets the amount-in-controversy threshold for original diversity jurisdiction.  *See* Compl. at ¶ 205.

21.     Accordingly, this Court has original jurisdiction over Named Plaintiff's claims pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, because (a) there is complete diversity between the parties; (b) the amount in controversy exceeds the $75,000.00 jurisdictional threshold; and (c) Defendants are not citizens of Maryland.

22.     Moreover, because the Court has original diversity jurisdiction, it also has supplemental jurisdiction as to all other plaintiffs regardless of the amount in controversy, and as to other state law claims set forth in the Complaint under 28 U.S.C. §§ 1367 and 1446(a).  As the United States Supreme Court explained in *Exxon Mobil Corp.*, 545 U.S. at 558-59, the breadth of

supplemental jurisdiction under § 1367 permits removal of an entire class action based on diversity jurisdiction when the amount in controversy for *at least one named plaintiff* exceeds $75,000.00, exclusive of interest and costs.  The Court stated: "When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim.  The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment."  *Id.* at 559.

### IV.   Removal Is Proper Under CAFA, 28 U.S.C. §§ 1332(d), 1453.

#### A.   This Action Is Also Removable To Federal Court Pursuant To CAFA, 28 U.S.C. § 1332(d)(2).

23.   This action meets the requirements for removal under CAFA because (i) this is a civil class action consisting of more than 100 putative class members, 28 U.S.C. § 1332(d)(2); (ii) the citizenship of at least one plaintiff is different from that of at least one defendant, 28 U.S.C. § 1332(d)(2)(A); and (iii) the matter in controversy, after aggregating the claims of the putative class members, exceeds $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(6).

24.   It is well-settled where the "complaint does not state the amount in controversy, the defendant's notice of removal may do so."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)).  And, as "no antiremoval presumption attends cases invoking CAFA . . . a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Goff v. Caliber Home Loans, Inc.*, No. 1:20-cv-2038-ELH, 2020 WL 6204299, at *7 (D. Md. Oct. 21, 2020).

#### B.   This Is A Class Action Consisting Of More Than 100 Putative Class Members.

25.   CAFA applies to the State Court Action because the State Court Action is a "civil action filed under" Maryland Rule 2-231, and Maryland's analog to Fed. R. Civ. P. 23

"authorize[s] an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

26.     Accordingly, the requirement that a class action be a "civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action" is satisfied.  *See* 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

27.     Further, the requirement that the number of members of all proposed plaintiff classes in the aggregate be greater than 100 is also satisfied.  *See* 28 U.S.C. § 1332(d)(5)(B).  The number of putative members in the MCSOLL Class total more than 100 borrowers.[1]  **Exhibit C** at ¶ 9.

**C.      The Minimal Diversity Of Citizenship Is Satisfied.**

28.     CAFA eliminates the requirement of complete diversity and requires only "minimal diversity," *i.e.*, the citizenship of any plaintiff differs from that of at least one defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

29.     As discussed *supra* ¶ 12, Named Plaintiff is a citizen of Maryland.

30.     Defendants are citizens of Delaware for purposes of minimal diversity under CAFA. 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.").  A limited liability company is an unincorporated association for purposes of determining subject matter jurisdiction under CAFA.  *See, e.g., Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699–705 (4th Cir.

---

[1] In making these calculations based on the alleged putative classes, Continental and Continental Purchasing, LLC do not in any way admit to the allegations against them, the appropriateness of the proposed class definition, or the propriety of this action proceeding as a class action.

2010) ("[A] limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10) and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business."); *Ramirez v. Carefusion Res., LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) (collecting cases).

31.    In addition, as discussed *supra* ¶¶ 12-18, there is complete diversity between Named Plaintiff and Defendants.  Complete diversity also satisfies CAFA's relaxed "minimal diversity" requirement.  *See Ferrell*, 591 F.3d at 707.

32.    Accordingly, there is minimal diversity between the parties because at least one plaintiff class member is diverse in citizenship from Defendants.

**D.    The Amount-In-Controversy Requirement Is Satisfied.**

33.    The amount in controversy requirement under CAFA is also satisfied.  Under 28 U.S.C. § 1332(d), a class action is removable if the aggregate amount in controversy is greater than $5 million, exclusive of interest and costs.  *See* U.S.C. § 1332(d)(2).

34.    "Because no antiremoval presumption attends cases invoking CAFA, a defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold" of exceeding $5 million at the time of removal.  *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (emphasis added).

35.    Plaintiff alleges violations of MCLL § 12-314 and MCSOL § 407.635, and requests relief in the amount of any principal, interest, or other compensation Defendants have received or retained. Compl. ¶ 205.  *See also Price v. Murdy*, 462 Md. 145, 156 (2018) (holding that the remedy for MCLL violations is the defendant's inability to receive or retain principal, interest, or other compensation). As of March 22, 2023, Maryland borrowers whose accounts were serviced by Continental were charged principal and interest which totaled more than $23,000,000. **Exhibit C at ¶ 9.**

8

## V.     Conclusion

WHEREFORE, for the foregoing reasons, Defendants respectfully request the above-captioned action now pending in the Circuit Court for Montgomery County, Maryland, be removed to the United States District Court for the District of Maryland, Southern Division, and that said District assume jurisdiction of this action, granting such other relief as the court deems necessary and just.

Dated:    March 29, 2023                          Respectfully submitted,

*/s/ Melissa O. Martinez*
Melissa O. Martinez (Fed. Bar No. 28975)
**MCGUIREWOODS LLP**
500 East Pratt Street
Suite 1000
Baltimore, MD 21202
410-659-4432
410-659-4482 (Fax)
mmartinez@mcguirewoods.com

***Counsel for Continental Finance Company, LLC
and Continental Purchasing LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 29, 2023, a copy of the foregoing Notice of Removal, Civil Cover Sheet, and Exhibits were served via CM/ECF and first-class mail, postage prepaid on the following:

> Benjamin H. Carney
> Richard S. Gordon
> Gordon, Wolf, & Carney, CHTD.
> 100 West Pennsylvania Ave., Suite 100
> Townson, Maryland 21204
> rgordon@GWCfirm.com
>
> ***Counsel for Plaintiff***

*/s/ Melissa O. Martinez*
Melissa O. Martinez